UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

───────────────
№ 07-CV-0245 (JFB) (AKT)
───────────────

ERWIN JACKSON,

Plaintiff,

VERSUS

THE COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT,
AND OFFICE OF THE NASSAU COUNTY DISTRICT ATTORNEY,

Defendants.

───────────────

MEMORANDUM AND ORDER
February 13, 2009
───────────────

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Erwin Jackson, an inmate incarcerated at the Nassau County Correctional Center in East Meadow, New York, commenced this action on January 17, 2007, alleging violations of his Constitutional rights by Nassau County, the Nassau County Police Department, and Office of the Nassau County District Attorney (collectively, "defendants"), pursuant to 42 U.S.C. § 1983.

Presently pending before the Court are *pro se* plaintiff's requests (1) to amend the complaint to add two additional defendants: Lawrence Mulvey, the Commissioner of the Nassau County Police Department ("Commissioner Mulvey"), and Kathleen Rice, the Nassau County District Attorney ("DA Rice"); and (2) for an entry of default against all defendants pursuant to Rule 55 of the Federal Rules of Civil Procedure. Also pending is defendants' application for an extension of time to request by letter a pre-motion conference, in anticipation of filing a motion for summary judgment, in accordance with the Court's Individual Rule III.A. For the reasons set forth below, the Court denies plaintiff's requests and grants defendants' request to submit a letter requesting a pre-motion conference within thirty (30) days of the date of this Memorandum and Order.

1

I. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleadings by leave of the court, and further directs that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Indeed, "it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Absent "undue delay, bad faith, or dilatory motive on the part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also McCarthy*, 482 F.3d at 200 ("A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party. However, '[o]utright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion.'") (quoting *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002)) (internal citation omitted); *State Teachers Ret. Bd. v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir. 1981) ("Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend."); *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (same); *Posadas de Mexico, S.A. de C.V. v. Dukes*, 757 F. Supp. 297, 300 (S.D.N.Y. 1991) (recognizing that leave to amend should be given unless the motion for leave is the product of bad faith or dilatory motive, or amendment will prejudice the adversary or be futile). Furthermore, in this case, "[a] pro se complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotation marks and citations omitted).

II. DISCUSSION

Here, plaintiff moves to amend his complaint for the first time in order to add Commissioner Mulvey and DA Rice as defendants, in both their individual and official capacities. In response, defendants assert that the proposed amendment would be futile because it cannot survive a motion to dismiss under Rule 12(b)(6). As set forth below, the Court agrees with defendants and denies plaintiff's leave to amend his complaint on futility grounds.[1]

A. Applicable Law

A proposed amendment will be considered futile if it is "clearly frivolous or advances a claim or defense that is clearly meritless." *Slavin v. Benson*, 493 F. Supp. 32, 33 (S.D.N.Y. 1980). If, however, the proposed amendment raises at least colorable grounds for relief, leave to amend will be granted. *See Kaster v. Modification Sys., Inc.*, 731 F.2d 1014, 1018 (2d Cir. 1984); *see also S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Bldg. 1 Hous. Dev. Fund Co.*, 608 F.2d 28, 42 (2d Cir. 1979) ("[I]f the

---

[1] Defendants also oppose plaintiff's motion to amend the complaint on the grounds that such amendment would unduly prejudice defendants. Because the Court has determined that amendment is futile, the Court need not reach the issue of prejudice.

plaintiff has at least colorable grounds for relief, justice does so require" leave to amend to be granted, absent prejudice). Importantly, when deciding "a motion for leave to amend, the court need not finally determine the merits of a proposed claim or defense, but merely satisfy itself that it is colorable and not frivolous." *T & N plc v. Fred S. James & Co. of New York*, No. 89 Civ. 7688, 1991 WL 190581, at *2 (S.D.N.Y. Sept. 16, 1991) (quoting *Sumitomo Elec. Research Triangle, Inc. v. Corning Glass Works*, 109 F.R.D. 627, 628 (S.D.N.Y. 1986)). The moving party is not required to "establish a probability it would prevail on the merits in order for the court to grant its motion to amend . . . [i]nstead . . . defendant is merely required to assert proposed amendments which are not frivolous on their face." *T & N*, at *2 (internal citations omitted).

In assessing whether the proposed amendment states colorable grounds for relief, the court is required to adopt the same analysis as applied on a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Silberblatt*, 608 F.2d at 42; *see also Hampton Bays Connections, Inc. v. Duffy*, 212 F.R.D. 119, 123 (E.D.N.Y. 2003); *Olumuyiwa v. Harvard Prot. Corp.*, 1999 WL 529553, at *5 (E.D.N.Y. July 21, 1999). Accordingly, the Court accepts all factual allegations set forth in the proposed amended complaint as true and draws all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enterp.*, 448 F.3d 518, 521 (2d Cir. 2006) (setting forth the standard for reviewing a motion to dismiss for failure to state a claim); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005) (same). The plaintiff must satisfy "a flexible 'plausibility standard.'" *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (May 21, 2007). The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." *Id.* Moreover, as plaintiff is appearing *pro se*, "the Court shall construe [the proposed amended complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'" *Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 145-46 (2d Cir. 2002) (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)).

For the reasons set forth below, the Court agrees with defendants that amending the complaint to include Commissioner Mulvey and DA Rice, in their individual or official capacities, would be futile under the standard applicable to motions under Rule 12(b)(6), even when *pro se* plaintiff's complaint and application for leave to amend are construed broadly and all factual allegations are presumed to be true, for the purposes of this analysis.

B. Analysis

Here, the Court has carefully reviewed the complaint according to the liberal standard applicable to *pro se* plaintiffs and finds that the complaint is completely devoid of specific factual allegations against either Commissioner Mulvey or DA Rice in their individual capacities. Moreover, it is clear from plaintiff's application for leave to amend that he has no additional factual allegations to assert against either Commissioner Mulvey or DA Rice, but

3

rather simply wants to add them as named defendants in the caption (because they are heads of their respective offices), even though he has no specific allegations against them. "It is well-settled that 'where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted.'" *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) (quoting *Morabito v. Blum*, 528 F. Supp. 252, 262 (S.D.N.Y. 1981)); *accord Makas v. Miraglia*, 2007 U.S. Dist. LEXIS 4400, at *30-*31 (S.D.N.Y. Jan. 23, 2007). Although plaintiff names other individuals, such as the police officers who testified against him in connection with his arrests, in his complaint (*see, e.g.*, Complaint ¶¶ 4, 12), he does not specifically name Commissioner Mulvey or DA Rice. Indeed, plaintiff's potential claims against Commissioner Mulvey and DA Rice are clearly based solely on their roles in supervisory positions, rather than on any personal involvement in the alleged acts of Constitutional deprivation; this, however, is an insufficient legal basis upon which to assert claims against these individuals. *Accord Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) ("[S]upervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on respondeat superior.") (citing *Al- Jundi v. Estate of Rockefeller*, 885 F.2d 1060, 1065 (2d Cir. 1989)); *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995). Particularly belying any personal involvement by Commissioner Mulvey is the fact that he did not even become the Nassau County Police Commissioner until July 2, 2007 – nearly seven months after plaintiff filed the complaint.[2] (*See* Defendants' Letter dated March 28, 2008, at 4.) Under these circumstances, the claims against Commissioner Mulvey and DA Rice in their individual capacities would fail pursuant to Rule 12(b)(6) and, therefore, any amendment of the complaint to add such claims would be futile.

To the extent that plaintiff seeks to sue Commissioner Mulvey and DA Rice in their official capacities, such claims would be duplicative of the claims against the current defendants and, therefore, also futile. *See, e.g., Cimino v. Glaze*, 228 F.R.D. 169, 171 (W.D.N.Y. 2005). Both claims would essentially be ones against Nassau County. *See Monell v. Dept. of Social Servs.*, 436 U.S. 658, 691 n.55 (1978) ("official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"); *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (same); *cf. Obilo v. City University of New York*, 2003 WL 1809471, at *12 (E.D.N.Y. Apr. 7, 2003) (holding that a suit against an individual officer in the New York Police Department in his official capacity is a claim against the City of New York). As stated *supra*, plaintiff's complaint is devoid of any personal allegations against Commissioner Mulvey and DA Rice. Based on the lack of particular allegations, it is apparent that plaintiff attempts to sue these individuals as representatives of their

---

[2] The Court notes that to the extent plaintiff intended to sue the Police Commissioner who was actually in office during the time period relevant to the complaint, such claim would also fail for the reasons stated *supra*. Specifically, the complaint is devoid of specific allegations that any Nassau County Police Commissioner was personally involved in any of the acts alleged in the complaint.

respective departments within Nassau County. Thus, even if plaintiff were to amend his complaint to name Commissioner Mulvey and DA Rice in their official capacities, his amended complaint would be dismissed as to these claims.

Further, to the extent that plaintiff wishes to sue DA Rice in her individual capacity for exercising her prosecutorial discretion in deciding not to prosecute certain officials, such claim would fail as a matter of law. "It is well-settled that prosecutors performing prosecutorial activities that are 'intimately associated with the judicial phase of the criminal process' are entitled to absolute immunity from an action for damages under § 1983." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 530 (2d Cir.1993) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "A prosecutor thus has absolute immunity in connection with the decision whether or not to commence a prosecution." *Id*; *accord Johnson v. City of New York*, 2000 WL 1335865, at *2 (S.D.N.Y. Sept. 15, 2000) (stating that prosecutorial functions protected by absolute immunity "include the decision to bring charges against a defendant."). Plaintiff's proposed claim against DA Rice for her failure to prosecute would also fail if alleged in her official capacity, pursuant to the doctrine of state sovereign immunity. Even though DA Rice is the Nassau County District Attorney, actions taken in her prosecutorial role represent New York State's interests and are thus shielded from suit under the Eleventh Amendment. *Ying Jing Gan*, 996 F.2d at 536 ("When prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State not the county.") (quoting *Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988)); *accord Bail v. Ramirez*, 2007 WL 959045, at *4 (S.D.N.Y. Mar. 29, 2007) ("Eleventh Amendment immunity extends to state officials acting in their official capacities, including assistant district attorneys."). In interpreting § 1983 to take into account state sovereign immunity provided by the Eleventh Amendment, the Supreme Court has plainly held that neither states nor its officers (when sued in their official capacities) are "persons" that are subject to suit under the statute. *See Hafer*, 502 U.S. at 26; *see also Will*, 491 U.S. at 71; *Ying Jing Gan*, 996 F.2d at 529 ("The immunity to which a state's official may be entitled in a § 1983 action depends initially on the capacity in which he is sued. To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state."). Accordingly, any claim against DA Rice for exercising her prosecutorial discretion would not survive a motion to dismiss under the circumstances of this case.

### III. CONCLUSION

For the foregoing reasons, the Court denies plaintiff's request to amend the complaint.[3] In light of the fact that discovery

---

[3] The Court also denies plaintiff's request for a default judgment against all defendants. Rule 55 of the Federal Rules of Civil Procedure states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . . the clerk shall enter the party's default." Fed. R. Civ. P. 55(c). Here, plaintiff moves for default on the grounds that defendants have not complied with the discovery deadlines Magistrate Judge Tomlinson

was completed on June 5, 2008, and that plaintiff's motions for leave to amend and for default judgment against the defendants have been pending with this Court, the Court will permit defendants to file a letter requesting a pre-motion conference, in anticipation of filing a motion for summary judgment in this case, within thirty (30) days of the date of this Memorandum and Order.

     SO ORDERED.

_____
     JOSEPH F. BIANCO
     United States District Judge

Dated: February 13, 2009
Central Islip, New York

* * *

Plaintiff is proceeding *pro se*. The attorney for defendant is Ralph J. Reissman, Esq., of the County of Nassau, Office of the County Attorney, One West Street, Muineola, NY 11501.

---

set by Order dated March 17, 2008. However, the Court has carefully reviewed the docket sheet in this case and finds no basis to grant a default. Defendants acknowledge a delay of approximately fifteen (15) days in responding to the discovery requests, which were fully complied with by June 5, 2008. Under these circumstances, where it is clear that defendants have not actually abandoned the proceedings or failed to appear and defend, and where there has been no prejudice to plaintiff by the short delay caused by defendants' actions, the Court declines to enter a judgment of default under Rule 55.